IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINN A. RANSOM,

    Petitioner,

vs.                                                       No. 1:17-cv-00888 MV-GBW

KENNETH SMITH, *Warden*, and
HECTOR BALDERAS, *Attorney
General of the State of New Mexico,*

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Quinn Ransom's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Ransom challenges his state court convictions for burglary, attempted burglary, and possession of burglary tools in violation of N.M.S.A. 1978, §§ 30-16-3 and 30-16-05. *See* Doc. 1, p. 1. Ransom filed a habeas petition in the state court on January 9, 2017, which was denied about two months later. *See State of New Mexico v. Quinn,* D-1226-CR-2013-00240.[1] On March 17, 2017, he filed a petition for writ of certiorari with the New Mexico Supreme Court ("NMSC"). *See* Doc. 1, p. 2; *Ransom v. Mulheron,* S-1-SC-36362; *Ogden v. Bravo,* 35 Fed. App'x 772, 726 (10th Cir. 2002) (explaining that New Mexico state prisoners seek review of the denial of a state habeas petition by filing a writ of certiorari with the NMSC). In his federal § 2254 petition, Ransom explains that "certiorari has not been answered." *See* Doc. 1, p. 3. This is consistent with the NMSC docket, which reflects that the Court ordered a response to the writ of certiorari but

---

[1] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

has not yet ruled on the merits. *See* S-1-SC-36362.

Ransom filed the federal § 2254 petition on August 28, 2017, presumably because the appellate disposition is still unclear. The Court appreciates Ransom's diligent attempt to pursue his habeas claims. However, 28 U.S.C. § 2254(b)(1)(A) provides that state prisoners must exhaust all available state court remedies before this Court can rule on a § 2254 petition. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The federal court generally cannot rule on a § 2254 petition where, as here, the claims are still pending in the highest state court. *See Carbajal v. Lynn,* 640 Fed. App'x 811, 813 (10th Cir. 2016) ("[N]o reasonable jurist could debate the district court's conclusion that it would be premature to address [petitioner's federal § 2254] … challenge to his Denver County convictions while his direct appeal remains pending."); *Miller v. Glanz*, 331 Fed.Appx. 608, 610 (10th Cir. 2009) (unpublished) (explaining that "a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court").

The Court will therefore order Ransom to show cause why his federal § 2254 claims should not be dismissed without prejudice to allow the NMSC to rule on his petition for writ of certiorari. If Ransom fails to timely respond or his explanation is insufficient under § 2254(b)(1)(B), the Court may dismiss the petition without further notice. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that a § 2254 petition may be dismissed *sua sponte* if the "failure to exhaust [is] clear from the face of the petition"). The dismissal would be without prejudice to Ransom re-filing his § 2254 petition after the NMSC completes the appellate process.

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this Order, Ransom

shall show cause in writing why his § 2254 federal petition should not be dismissed for failure to exhaust state court remedies.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE