IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINN A. RANSOM,

    Petitioner,

vs.                                                                                                            No. 1:17-cv-00888 MV-GBW

KENNETH SMITH, *Warden*, and
HECTOR BALDERAS, *Attorney*
*General of the State of New Mexico,*

    Respondents.

MEMORANDUM OPINION AND ORDER

Before the Court is Quinn Ransom's habeas corpus petition under 28 U.S.C. § 2254 ((Doc. 1) ("Petition"). Ransom challenges his state court convictions for burglary, attempted burglary, and possession of burglary tools in violation of N.M.S.A. 1978, §§ 30-16-3 and 30-16-05. *See* Doc. 1, p. 1. For the reasons below, the Court will dismiss the Petition without prejudice for failure to exhaust available state court remedies.

Procedural Background

On April 14, 2016, Ransom was convicted by a jury of burglary and related charges in New Mexico's Ninth Judicial District Court. *See* Doc. 1, p. 1. He was sentenced to a total term of 36 months imprisonment. *See* Judgment and Sentence, *State of New Mexico v. Quinn,* D-905-CR-2013-00406.[1] Judgment on the conviction and sentenced was entered August 3, 2016. *Id.*

---

[1] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

Ransom filed a habeas petition in the state court on January 9, 2017, which was denied about two months later. *See* Habeas Corpus Petition filed January 9, 2017, and Decision and Order Denying Petitioner's Petition for Writ of Habeas Corpus entered March 1, 2017 in case no. D-905-CR-2013-00406. On March 17, 2017, Ransom filed a petition for writ of certiorari with the New Mexico Supreme Court ("NMSC"). *See* Doc. 1, p. 2; *Ransom v. Mulheron,* S-1-SC-36362; *Ogden v. Bravo,* 35 Fed. App'x 772, 726 (10th Cir. 2002) (explaining that New Mexico state prisoners seek review of the denial of a state habeas petition by filing a writ of certiorari with the NMSC). In his federal § 2254 Petition, Ransom explains that "certiorari has not been answered." *See* Doc. 1, p. 3. This is consistent with the NMSC docket, which reflects that the court granted certiorari but has not yet ruled on the merits of the appeal. *See* S-1-SC-36362.

## Discussion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), state prisoners must exhaust all available state court remedies before this Court can rule on a § 2254 petition. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). The federal court generally cannot rule on a § 2254 petition where, as here, the claims are still pending in the highest state court. *See Carbajal v. Lynn,* 640 Fed. App'x 811, 813 (10th Cir. 2016) ("[N]o reasonable jurist could debate the district court's conclusion that it would be premature to address [petitioner's federal § 2254] … challenge to his Denver County convictions while his direct appeal remains pending."); *Miller v. Glanz*, 331 Fed.Appx. 608, 610 (10th Cir. 2009) (unpublished) (explaining that "a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court").

By a Memorandum Opinion and Order entered October 30, 2017 (Doc. 3), the Court

directed Ransom to show cause why his federal § 2254 claims should not be dismissed without prejudice to allow the NMSC to rule on his pending appeal. *See Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009) (holding that a § 2254 petition may be dismissed *sua sponte* if the "failure to exhaust [is] clear from the face of the petition"). Ransom did not respond. The Court will therefore dismiss the Petition without prejudice to Ransom re-filing his federal § 2254 claims after the NMSC completes the appellate process. Because the Court has not reached the merits of Ransom's habeas claims, the next § 2254 petition will not be considered second or successive for purposes of 28 U.S.C. § 2244(b)(3)(A).

IT IS THEREFORE ORDERED that Quinn Ransom's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is DISMISSED without prejudice to allow him to exhaust his state court remedies.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE